IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DESHAWN DRUMGO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 14-1135-GMS |
| | ) |
| SGT. WILLIAM KUSCHEL, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

The plaintiff, DeShawn Drumgo ("Drumgo"), an inmate at the James T. Vaughn Correctional Center, Smyrna, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983.[1] (D.I. 3.) He appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 6.) The court proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b).

## I. BACKGROUND

Drumgo alleges sexual harassment/assault, failure to protect/intervene, and retaliation in violation of the First, Eighth, and Fourteenth Amendments to the United States Constitution. Drumgo alleges that on May 29, 2014, as he was walking out of the chowhall, the defendant C/O VanGorder ("VanGorder") pointed him towards the defendant Sgt. William Kuschel ("Kuschel"). Drumgo alleges that Kuschel conducted a pat and frisk in an inappropriate sexual manner that included groping Drumgo's legs until he reached Drumgo's penis and then he aggressively fondled Drumgo which resulted in the skin of the penis rupturing. Drumgo alleges

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

that VanGorder and the defendants C/O Hutchins ("Hutchins"), C/O Ingrem ("Ingrem"), and C/O Abernathy ("Abernathy"), all of whom were present during the incident, did nothing but laugh. He further alleges that VanGorder failed to stop the assault and failed to prepare an incident report. Drumgo submitted a sick call slip to medical and to mental health for the physical injury and for nightmares and sleeplessness that resulted from the incident.

Drumgo also submitted grievances over the issue and states that, in the past, he had submitted a similar grievance when Kuschel caressed his nipples and buttocks. Following the most recent incident, Drumgo spoke to VanGorder who told him that she and the staff were aware of Kushcel's "illicit sexual searches." He also spoke to Ingrem who told Drumgo that the defendant Lt. Wallace ("Wallace) had warned Kuschel about his conduct. In addition, Drumgo spoke to the defendant C/O Levin ("Levin") who referred to Kuschel's conduct as "illicit sexual searches." Drumgo spoke to Hutchins who said, "under no circumstances will I do what he does" (apparently referring to Kuschel). Drumgo approached Wallace, who was with Kuschel, and reported to him that he was sexually assaulted. Drumgo complains that Wallace did not prepare an incident report and alleges that Wallace made it known that he supported his officer's searches. Drumgo alleges that all of the foregoing officers were aware that Kuschel sexually assaults inmates, but they failed to intercede or help him, and found it funny and laughed during the incident.

Following the incident Drumgo was interviewed by the defendant internal affairs officer Lt. Stanley Baynard ("Baynard") who had Drumgo transferred to Building #21. Drumgo alleges this is the second time that he was transferred for filing a grievance against Kuschel for his conduct and sexual assault. When he arrived at his new cell, he discovered there was no

2

electricity. Drumgo asked the defendant Sgt. Austin ("Austin") to turn on the electricity, and Austin replied, "what, you think their [sic] isn't any retribution for filing complaints about sexual assault. You continue on with your grievances, we always win."

Drumgo sues the defendants in their individual and official capacities. He seeks compensatory and punitive damages, as well as injunctive relief in the form of a transfer to a different prison facility.

## II. STANDARD OF REVIEW

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Drumgo proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal

3

theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the court must grant Drumgo leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. When determining whether dismissal is appropriate, the court must take three steps: "(1) identify[] the elements of the claim, (2) review[] the complaint to strike conclusory allegations, and then (3) look[] at the well-pleaded components of the complaint and evaluat[e] whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed.

4

R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## III. DISCUSSION

### A. Personal Involvement/Respondeat Superior

The complaint names as defendants Warden Pierce ("Pierce"), Capt. Burton ("Burton"), Commissioner Coupe ("Coupe"), and C/O Paysons ("Paysons"). It appears that Pierce and Coupe are named as defendants based upon their supervisory positions. In addition, there are no allegations directed towards Pierce or Coupe. Nor are any allegations directed toward Burton and Paysons.

It is well established that claims based solely on the theory of *respondeat superior* or supervisor liability are facially deficient. *See Iqbal*, 556 U.S. at 676-77 (2009); *see also Solan v. Ranck*, 326 F. App'x 97, 100-01 (3d Cir. 2009) (unpublished) (holding that "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior"). Here, the complaint does not allege any direct or personal involvement by Pierce, Coupe, Burton or Paysons. Therefore, the claims against them will be dismissed as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1).

### B. Grievances/Complaints

Following the incident, Drumgo complained to Wallace, who said he agreed with Kuschel's conduct, and to Levin, who was aware of Kuschel's history of "illicit sexual searches." Drumgo complains that Wallace did not prepare an incident report and said he agreed with the conduct of Kuschel. There are no allegations that these defendants were present during the

5

incident of which Drumgo complains. In essence, Drumgo complains that Wallace and Levin did not adequately respond to his complaints after the incident occurred.

Drumgo's allegations against Wallace and Kuschel do not rise to the level of a constitutional violation. *See Graw v. Fantasky*, 68 F. App'x 378 (3d Cir. 2003) (unpublished); *Brooks v. Beard*, 167 F. App'x 923, 925 (3d Cir. 2006) (unpublished) (allegations that prison officials and administrators responded inappropriately to inmate's later-filed grievances do not establish the involvement of those officials and administrators in the underlying deprivation); *Durmer v. O'Carroll*, 991 F.2d 64, 69 (3d Cir. 1993) (summary judgment properly granted to prison warden and state commissioner of corrections, the only allegation against whom was that they failed to respond to letters from prisoner complaining of prison doctor's treatment decisions); *Wilson v. Horn*, 971 F.Supp. 943, 947 (E.D. Pa.1997), *aff'd*, 142 F.3d 430 (3d Cir. 1998) (prison officials' failure to respond to inmate's grievance does not state a constitutional claim). Hence, the claims that Wallace and Levin did not adequately to respond to Drumgo's complaints do not state constitutional claims, and the claims will be dismissed as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1).

## C. Remaining Claims

Drumgo has alleged what appear to be several cognizable claims, including a sexual harassment/assault claim against Kuschel, failure to protect/intervene claims against VanGorder, Ingrem, Abernathy, and Hutchins, and retaliation claims against Baynard and Austin.

## IV. CONCLUSION

For the above reasons, Drumgo will be allowed to proceed against: (1) Kuschel (sexual harassment/assault claim); (2) VanGorder, Ingrem, Abernathy, and Hutchins (failure to

6

protect/intervene claims); and (3) Baynard and Austin (retaliation claims). The court will dismiss the remaining defendants Wallace, Levin, Pierce, Burton, Coupe, and Paysons pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1) as the claims against them are legally frivolous.

An appropriate order will be entered.

UNITED STATES DISTRICT JUDGE

Nov 24, 2014
Wilmington, Delaware