IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| DESHAWN DRUMGO, | ) |
|---|---|
| Plaintiff, | ) ) ) |
| v. | ) Civ. No. 14-1135-GMS ) |
| SGT. WILLIAM KUSCHEL, et al., | ) ) |
| Defendants. | ) |

### MEMORANDUM ORDER

At Wilmington, this 15th day of April 2015, having considered the pending motions (D.I. 21, 22, 24.)

### I. INTRODUCTION

The plaintiff, DeShawn Drumgo ("the plaintiff"), an inmate at the James T. Vaughn Correctional Center ("VCC"), Smyrna, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983. (D.I. 3.) He appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 6.)

### II. REQUEST FOR COUNSEL

The plaintiff proceeds *pro se* and has been granted leave to proceed *in forma pauperis*. He seeks counsel on the grounds that he has a limited knowledge of the law, a ninth grade education, limited amount of resources, limited access to the law library as he is housed in the Security Housing Unit ("SHU"), and his case has merit and will survive summary judgment. (D.I. 21, 24.) A *pro se* litigant proceeding *in forma pauperis* has no constitutional or statutory

Representation by counsel.[1] *See Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). However, representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law. *Tabron*, 6 F.3d at 155.

After passing this threshold inquiry, the court should consider a number of factors when assessing a request for counsel. Factors to be considered by a court in deciding whether to request a lawyer to represent an indigent plaintiff include: (1) the merits of the plaintiff's claim; (2) the plaintiff's ability to present his or her case considering his or her education, literacy, experience, and the restraints placed upon him or her by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation; (5) the plaintiff's capacity to retain counsel on his or her own behalf; and (6) the degree to which the case turns on credibility determinations or expert testimony. *See Montgomery v. Pinchak*, 294 F.3d 492, 498-99 (3d Cir. 2002); *Tabron*, 6 F.3d at 155-56. The list is not exhaustive, nor is any one factor determinative. *Tabron*, 6 F.3d at 157.

Assuming, solely for the purpose of deciding this motion, that the plaintiff's claims have merit in fact and law, several of the *Tabron* factors militate against granting his request for counsel. After reviewing the plaintiff's complaint, the court concludes that the case is not so factually or legally complex that requesting an attorney is warranted. In addition, the plaintiff has ably represented himself in other cases he filed in this court. Also, to date, service has not

---

[1] *See Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989) (§ 1915(d) (now § 1915(e)(1)) does not authorize a federal court to require an unwilling attorney to represent an indigent civil litigant, the operative word in the statute being "request.").

been effected upon all remaining defendants. In light of the foregoing, the court will deny without prejudice to renew the plaintiff's requests for counsel. Should the need for counsel arise later, one can be appointed at that time.

## III  MOTION FOR RECUSAL

The plaintiff seeks the undersigned's recusal on the grounds that the undersigned has been assigned to numerous cases the plaintiff has filed in this court. (D.I. 22.) The plaintiff claims that the undersigned's "impartiality could be questioned," that the undersigned consistently denies the plaintiff's motions and, finally, the plaintiff complains of the length of time (be it too long or too short) to issue decisions.

Pursuant to 28 U.S.C. § 455(a), a judge is required to recuse himself "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The test for recusal under § 455(a) is whether a "reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." *In re Kensington Int'l Ltd.*, 368 F.3d 289, 301 (3d Cir. 2004). Under § 455(b) (1), a judge is also required to recuse himself "[w]here he has a personal bias or prejudice concerning a party."

Under either subsection, the bias necessary to require recusal generally "must stem from a source outside of the official proceedings." *Liteky v. United States*, 510 U.S. 540, 554 (1994); *Selkridge v. United of Omaha Life Ins. Co.*, 360 F.3d 155, 167 (3d Cir. 2004) (beliefs or opinions which merit recusal must involve an extrajudicial factor). Hence, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555. Similarly, "claims of bias or partiality cannot be based on "expressions of impatience, dissatisfaction, annoyance, [or] even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display. A judge's ordinary efforts at

3

courtroom administration - even a stern and short-tempered judge's ordinary efforts at courtroom administration - remain immune." *Id.* at 555-56.

In light of the foregoing standard and after considering the plaintiff's assertions, the undersigned concludes that there are no grounds for recusal.

## IV. SUPPLEMENTAL SERVICE

A review of the file indicates that one defendant has not returned the waiver of service of summons form. Pursuant to Fed. R. Civ. P. 4(b), (c)(1), and (c)(3), the plaintiff shall request the Clerk of Court to prepare a summons for the defendant who failed to return the "Waiver of Service of Summons." The plaintiff shall also complete and return to the Clerk of Court an original "U.S. Marshal-285" form and a copy of the complaint (D.I. 3) for personal service upon the defendant. Failure to request issuance of summons and to provide a complete "U.S. Marshal 285" form and copy of the complaint within 30 days from the date of this order may result in the dismissal of the defendant pursuant to Federal Rule of Civil Procedure 4(m).

Upon receipt of the request for issuance of summons, the USM-285 form and copy of the complaint required by the above paragraph, the Clerk of Court shall issue the summons and transmit the summons, USM-285 form(s), copy of the complaint, the filing fee orders, and a copy of this order to the United States Marshals Service ("USMS") for immediate service pursuant to Fed. R. Civ. P. 4(c). The USMS shall personally serve process and a copy of this order upon the defendant(s) pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

Within ten days after personal service is effected, the USMS shall file the return of service for the defendant(s), along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant(s). Said

4

costs shall be enumerated on the USM-285 form. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

## V. CONCLUSION

IT IS THEREFORE ORDERED, as follows:

1. The plaintiff's requests for counsel are **denied** without prejudice to renew (D.I. 21, 24.)

2. The plaintiff's motion for recusal is **denied** (D.I.22.)

3. Service of the defendants is supplemented as set forth above in Section IV.

_____
UNITED STATES DISTRICT JUDGE