IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DESHAWN DRUMGO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 14-1135-GMS |
| | ) |
| SGT. WILLIAM KUSCHEL, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

At Wilmington, this 27th day of April 2016, having considered the plaintiff's request for counsel (D.I. 52);

IT IS ORDERED that the motion (D.I. 52) is denied without prejudice to renew, for the reasons that follow:

The plaintiff, DeShawn Drumgo ("the plaintiff"), an inmate at the James T. Vaughn Correctional Center ("VCC"), Smyrna, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983. (D.I. 3.) He appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. The plaintiff seeks counsel on the grounds that he is unable to obtain discovery in full, has limited knowledge of the law, has established that genuine material facts exist and a trial is needed, has limited resources, has established a dispute of facts, and has demonstrated that he was sexually assaulted. (D.I. 52.)

A *pro se* litigant proceeding *in forma pauperis* has no constitutional or statutory right to representation by counsel. *See Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). However, representation by counsel may be

appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law.[1] *Tabron*, 6 F.3d at 155.

After passing this threshold inquiry, the court should consider a number of factors when assessing a request for counsel. Factors to be considered by a court in deciding whether to request a lawyer to represent an indigent plaintiff include: (1) the merits of the plaintiff's claim; (2) the plaintiff's ability to present his or her case considering his or her education, literacy, experience, and the restraints placed upon him or her by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation; (5) the plaintiff's capacity to retain counsel on his or her own behalf; and (6) the degree to which the case turns on credibility determinations or expert testimony. *See Montgomery v. Pinchak*, 294 F.3d 492, 498-99 (3d Cir. 2002); *Tabron*, 6 F.3d at 155-56. The list is not exhaustive, nor is any one factor determinative. *Tabron*, 6 F.3d at 157.

Assuming, solely for the purpose of deciding this motion, that the plaintiff's claims have merit in fact and law, several of the *Tabron* factors militate against granting his request for counsel. After reviewing the plaintiff's complaint, the court concludes that the case is not so factually or legally complex that requesting an attorney is warranted. In addition, to date the plaintiff has ably represented himself in this case. Further, should the plaintiff have difficulties in obtaining discovery, he has the option of seeking relief from the court. In light of the foregoing, the court will deny without prejudice to renew the plaintiff's request for counsel.

---

[1] *See Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989) (§ 1915(d) (now § 1915(e)(1)) does not authorize a federal court to require an unwilling attorney to represent an indigent civil litigant, the operative word in the statute being "request.").

Should the need for counsel arise later, one can be appointed at that time. Accordingly, the plaintiff's request for counsel is **denied** (D.I. 52) without prejudice to renew.

_____
UNITED STATES DISTRICT JUDGE