IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DESHAWN DRUMGO, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SGT. WILLIAM KUSCHEL, et al., ) <br> ) <br> Defendants. ) <br> ) | Civil Action No. 14-1135-GMS |

## MEMORANDUM

### I. INTRODUCTION

Plaintiff De Shawn Drumgo ("Drumgo") is an inmate at James T. Vaughn Correctional Center ("JTVCC"). On September 8, 2014, he filed this *pro se* action against a number of JTVCC and Delaware Department of Corrections officers and employees (collectively, "Defendants").[1] (D.I. 3.) Drumgo's remaining claims against the Defendants are allegations of sexual harassment/assault, a failure to protect or intervene, and retaliation, in violation the First, Eighth, and Fourteenth Amendments to the United States Constitution. (D.I. 9 at 1.) Presently before the court is the Defendants' Motion for Summary Judgment. (D.I. 45.) For the reasons that follow, the court will grant the Defendants' motion.

### II. BACKGROUND

On May 29, 2014, Drumgo was leaving the chow hall of his housing unit when Kuschel subjected him to a pat-down frisk. (D.I. 46 at ¶ 4.) JTVCC uses these frisks to prevent inmates

---

[1] The remaining defendants are Officers William Kuschel ("Kuschel"), Cheryl Vangorder, Daniel Hutchins, Terrell Ingram, (collectively, "the officers") and Delaware Department of Corrections employees David Alston ("Alston") and Stanley Baynard ("Baynard").

from smuggling contraband from the chow hall to their cells or other inmates. (*Id.*) Drumgo alleges that in this pat-down, Kruschel patted and groped his legs in an inappropriate sexual manner before grabbing and squeezing his penis until its skin ruptured. (*Id.* at ¶ 5.) Drumgo asserts that at this point, the officers present laughed and failed to either intervene or later file any incident reports. (*Id.* at ¶ 6.)

Following this incident, Drumgo claims he filed a sick call slip for medical treatment for his injury, as well as a separate sick call slip for mental health assistance due to nightmares and sleeplessness resulting from the incident. (*Id.* at ¶ 7.) He also alleges he filed a grievance through JTVCC's Inmate Grievance Procedure (D.I. 3), and filed a Prison Rape Elimination Act ("PREA") complaint with Baynard. (*Id.*) Baynard investigated, concluded that Drumgo's complaint lacked evidence, and closed the case. (D.I. 45, Ex. F at ¶ 4.) Roughly a week after the chow hall incident, Drumgo was transferred to another facility. (D.I. 45, Ex. H at ¶ 7.) Drumgo further alleges that the electrical service for his new location was inoperative, and that when he asked Alston about it, Alston claimed it was "retaliation" for Drumgo's allegations and grievance against Kuschel. (D.I. 46 at ¶ 11.)

On September 8, 2014, Drumgo filed this complaint under 42 U.S.C. § 1983 alleging that the above events violated his First, Eighth, and Fourteenth Amendment rights. (D.I. 3.) In support, he attached affidavits of two fellow prisoners who claim to have witnessed the May 29, 2014 groping pat-down as well as a copy of an Inmate Grievance Form. (D.I. 3.) In his subsequent filings before the court he has also produced a copy of his mental health sick call slip dated July 21, 2014 (D.I. 40, Ex. A) and more prisoner affidavits to the incident in question. (*Id.*, Ex. B.)

## III. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A fact is material if it "could affect the outcome" of the proceeding. *Lamont v. New Jersey*, 637 F.3d 177, 181 (3d Cir. 2011). There is a genuine issue "if the evidence is sufficient to permit a reasonable jury to return a verdict for the non-moving party." *Id.* When determining whether a genuine issue of material fact exists, the district court must view the evidence in a light most favorable to the nonmoving party and draw inferences in that party's favor. *Wishkin v. Potter*, 476 F.3d 180, 184 (3d Cir. 2007). If the moving party is able to demonstrate an absence of disputed material facts, the nonmoving party must then "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (citing Fed. R. Civ. P. 56(e)).

The pleadings of *pro se* plaintiffs are generally held to "less stringent standards" than those of represented parties. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A *pro se* plaintiff still has "the formidable task of avoiding summary judgment by producing evidence 'such that a reasonable jury could return a verdict for [him].'" *See Zilich v. Lucht*, 981 F.2d 694, 696 (3d Cir. 1992) (alteration in original) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The court will not recognize a genuine dispute of material fact solely on unsubstantiated allegations in the complaint. *See Harp v. Rahme*, 984 F. Supp. 2d 398, 409 (E.D. Pa. 2013) ("Plaintiff's *pro se* status does not eliminate her obligation to allege specific facts, substantiated by evidence on the record.").

3

## IV. DISCUSSION

Among other things, the Defendants argue that the court should dismiss Drumgo's case because Drumgo failed to exhaust all available administrative remedies prior to filing this suit. "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997(e)(a). The "inmate must follow the procedural requirements of the prison grievance system." *Smith v. Vidonish*, 210 F. App'x 152, 155 (3d Cir. 2006). JTVCC maintains an Inmate Grievance Procedure that requires that inmates file their grievance within seven days of the incident. (D.I. 46, Ex. J.) If the grievance is against a staff member, then the grievance will be rejected and forwarded to the accused staffer's immediate supervisor instead. (*Id.*) Grievances thusly rejected are marked "non-grievable" and include a note indicating referral to Internal Affairs. (D.I. 51 at 30.) These grievances are nevertheless logged in the Delaware Automated Corrections System ("DACS") computer database. (D.I. 55 at ¶ 18.)

The Defendants claim that Drumgo failed to file a grievance against Kuschel after the May 29, 2014 incident. Michael Little ("Little"), the Legal Services Administrator at JTVCC, searched DACS logs for the year preceding and two weeks following the alleged incident and found no filed grievances by Drumgo against Kuschel. (D.I. 46, Ex. H.) Little did find, however, over 150 unrelated grievances filed by Drumgo. The absence of any relevant grievance in the DACS record raises an inference that Drumgo failed to file a formal grievance following the incident at hand.

Drumgo acknowledges that he is aware of the JTVCC grievance procedure. (D.I. 51 at 30.) He fails to produce credible evidence to corroborate his claim that he submitted a grievance form. Although Drumgo produced a grievance form describing the May 29, 2014 incident with Kuschel, the form bears no markings or indications that JTVCC received or reviewed it. (D.I. 51, Ex. E.)

Despite Drumgo's assertion to the contrary (*see* D.I. 56 at 6), the medical grievance invoice makes no mention of any earlier grievance reports filed. (D.I. 51, Ex. A.) The court notes that Drumgo also produced several grievance forms he filed regarding different incidents on November 30 and December 8, 2015. (D.I. 43, Ex. A.) In contrast to the May 29, 2014 grievance form, these later forms include timestamps indicating the date of their receipt by JTVCC, and the November 30 grievance also includes a coversheet generated by JTVCC. (*Id.*) An unmarked grievance report cannot create a genuine issue of fact when a database search confirms no such report was ever actually submitted.

There also is no evidence that Drumgo followed the Inmate Grievance Procedure regarding this grievance against any of the Defendants. In the absence of corroboration for his claim that he filed a grievance report, Drumgo cannot defeat the Defendants' motion for summary judgment. Accordingly, the court will grant the Defendants' motion.

## V. CONCLUSION

For the foregoing reasons, the court will grant the Defendants' Motion for Summary Judgment.

Dated: July 22, 2016

UNITED STATES DISTRICT COURT

5