**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3308
_____

DE SHAWN DRUMGO,
  Appellant

v.

SGT WILLIAM KUSCHEL; C/O VAN GORDER; LT. WALLACE; STANLEY BAYNARD; SGT AUSTIN; C/O INGREM; C/O LEVIN; C/O ABERNATHY; C/O HUTCHINS; WARDEN JAMES T VAUGHN CORRECTIONAL CENTER; CAPT. BURTON; COMMISSIONER COULE; C/O PAYSONS
_____

On Appeal from the United States District Court
for the District of Delaware
(D. Del. No. 1-14-cv-01135)
District Judge: Honorable Gregory M. Sleet
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 15, 2017
Before: RESTREPO, SCIRICA and FISHER, Circuit Judges

(Opinion filed: March 27, 2017)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

De Shawn Drumgo appeals, pro se and in forma pauperis, the District Court's orders dismissing certain Defendants and granting summary judgment as to the remaining Defendants. For the following reasons, we will affirm in part, vacate in part, and remand.

In September 2014, Drumgo filed suit against ten James T. Vaughn Correctional Center (JTVCC) and Delaware Department of Corrections officers and employees under 42 U.S.C. § 1983, alleging violations of his First, Eighth, and Fourteenth Amendment rights. Specifically, Drumgo alleged that on May 29, 2014, he was sexually assaulted during a pat down after leaving the chow hall. Drumgo asserted that Officer Kuschel patted and groped his legs in an inappropriate sexual manner, then grabbed and squeezed his penis until the skin ruptured while other officers laughed and failed to intervene.

Drumgo claimed that he then filed a sick call slip, grievance form, and Prison Rape Elimination Act (PREA) complaint pursuant to the JTVCC Inmate Grievance Procedure. An investigator at JTVCC investigated the PREA claim, concluded that it lacked credible evidence, and recommended closure. A week after the incident, Drumgo was transferred within the facility to Maximum Housing Unit 21. He alleged that the electricity was turned off there and that the guards would not fix it as retaliation for his allegations. On September 8, 2014, Drumgo filed the present suit.

The District Court initially dismissed six claims under 28 U.S.C. § 1915(e)(2) and § 1915A(b): four because no direct or personal involvement was alleged, and two as

2

frivolous for failure to state constitutional violations.[1] The remaining Defendants moved for summary judgment, arguing, inter alia, that Drumgo did not exhaust all available remedies prior to filing suit as required by statute. In support, Defendants attached an affidavit from Michael Little, a Department of Corrections employee, stating that he conducted a search of the Delaware Automated Corrections System (DACS) grievance database for the year prior to the May 2014 incident, which revealed over 150 inmate grievances filed by Drumgo, but none concerning the May 2014 incident with Officer Kuschel and the other Defendants. The affidavit did not list the exact date range used during the search, nor did it state that the database was searched for entries after the alleged incident.

Drumgo opposed the summary judgment motion and submitted affidavits from inmates who claim to have witnessed the pat down. In addition, Drumgo relied on a copy of an Inmate Grievance form describing the incident, although it bears no stamp indicating that it was received and processed by prison staff, in contrast to similar forms for other complaints. See Dist. Ct. Rec. Doc. 3 at 21. He also submitted a medical

---

[1] Drumgo did not address this order in his briefs, but we reviewed it and agree with the District Court. See Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990). Drumgo never alleged that the supervisors named in his complaint had direct or personal involvement in the incident, so these claims were frivolous. See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). And Drumgo's allegation that a warden and correctional officer did not adequately respond to his complaints is likewise insufficient to state a constitutional violation. See Durmer v. O'Carroll, 991 F.2d 64, 69 (3d Cir. 1993).

3

grievance form, filed in September 2014, that describes the incident at issue. See Dist. Ct. Rec. Doc. 46, Exhibit K.

The District Court determined that Drumgo did not sufficiently corroborate his claim that he filed a grievance report, and thus failed to raise any genuine issue of material fact as to exhaustion of his administrative remedies. Accordingly, the District Court entered summary judgment in favor of the Defendants. Drumgo timely appealed.

We have jurisdiction pursuant to 28 U.S.C. § 1291 and review de novo the District Court's grant of summary judgment.[2] Blunt v. Lower Merion Sch. Dist., 767 F.3d 247, 265 (3d Cir. 2014). Summary judgment is appropriate if the movant demonstrates that no genuine issue as to a material fact exists. Lamont v. New Jersey, 637 F.3d 177, 181 (3d Cir. 2011). A genuine issue exists if a reasonable jury could return a verdict for the non-moving party. Id. In considering an order entered on a motion for summary judgment, "we view the underlying facts and all reasonable inferences therefrom in the light most favorable to the party opposing the motion." Pa. Coal Ass'n v. Babbitt, 63 F.3d 231, 236 (3d Cir. 1995).

In their brief, Appellees concede that Drumgo did file a grievance against Officer Kuschel, and they refrain from asking that we summarily affirm the District Court's order as to Officer Kuschel. The District Court based its decision on Drumgo's failure to

---

[2] Because Drumgo filed no amended notice of appeal from the District Court's order denying his motion for reconsideration, we review only the orders dismissing certain defendants and granting the motion for summary judgment filed by the remaining defendants. See Fed. R. App. P. 4(a)(4)(B)(ii).

4

exhaust all available administrative remedies before filing a § 1983 suit.  See 42 U.S.C. § 1997e(a); Williams v. Beard, 482 F.3d 637, 639 (3d Cir. 2007).  Failure to exhaust is an affirmative defense and the defendant must prove that the prisoner failed to exhaust each of his claims.  Small v. Camden County, 728 F.3d 265, 268-69 (3d Cir. 2013).

Here, Appellees' brief explains that a subsequent database search conducted by Michael Little showed that Drumgo did file a grievance against Officer Kuschel.  Due to the allegations of sexual misconduct, the grievance was docketed in a separate DACS database to preserve confidentiality.  So, the grievance was not discovered during the initial search described in the affidavit on which the District Court relied.  Appellees contend that the District Court's decision as to Drumgo's exhaustion of his grievances against Officer Kuschel was nonetheless correct based upon the information available to and known by them at the time of their original submission.  While that may be true, the District Court should be afforded the full extent of the record in considering the exhaustion question.  So, we will vacate the District Court's grant of summary judgment as to Officer Kuschel, and will remand for further consideration.

As to the remaining Defendants, summary judgment for failure to exhaust was proper.  The affidavits submitted both to the District Court and on appeal establish that Michael Little searched both DACS databases for grievances relating to the incident at issue and discovered none.  Drumgo came forward with nothing to contradict this report or otherwise establish a genuine dispute as to this fact.  See Lamont, 637 F.3d at 181.

Thus, these Defendants satisfied their burden and summary judgment was proper. See Small, 728 F.3d at 268-69.

For these reasons we will vacate the District Court's judgment as to Officer Kuschel only, and will remand for further consideration of this claim. In all other respects, we will affirm the District Court's judgment. Appellee's motion for leave to file a supplemental appendix is granted.