IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DESHAWN DRUMGO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 14-1135-GMS |
| | ) |
| SGT. WILLIAM KUSCHEL, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM**

## I. INTRODUCTION

The plaintiff DeShawn Drumgo ("Drumgo"), an inmate at the James T. Vaughn Correctional Center ("VCC"), Smyrna, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983. He proceeds *pro se* and has been granted leave to proceed *in forma pauperis*. (*See* D.I. 6.)

## II. BACKGROUND

On July 22, 2016, the court granted summary judgment in favor of the remaining defendants based upon Drumgo's failure to exhaust his administrative remedies. (D.I. 59, 60.) Drumgo appealed. (D.I. 63.) On appeal, the State conceded that Drumgo had exhausted his administrative remedies as to the defendant Officer Kuschel ("Kuschel"). As a result, the United States Court of Appeals for the Third Circuit vacated this court's judgment as to Kuschel only and remanded the matter for further consideration of the claim. *See Drumgo v. Kuschel*, __ F. App'x __, 2017 WL 1135726 (3d Cir. Mar. 27, 2017). The district court judgment was affirmed in all other respects. *Id.*

Drumgo requests counsel on the grounds that all his legal materials were destroyed following the February 1, 2017 VCC hostage incident. (D.I. 70.) He states that he needs full

RECEIVED MAY 18 2017 U.S. DISTRICT COURT DISTRICT OF DELAWARE

discovery that the defense is known for depriving and withholding. (*Id.*) Kuschel opposes the motion.

## III. DISCUSSION

A *pro se* litigant proceeding *in forma pauperis* has no constitutional or statutory right to representation by counsel.[1] *See Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). However, representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law. *Tabron*, 6 F.3d at 155.

After passing this threshold inquiry, the court should consider a number of factors when assessing a request for counsel. Factors to be considered by a court in deciding whether to request a lawyer to represent an indigent plaintiff include: (1) the merits of the plaintiff's claim; (2) the plaintiff's ability to present his or her case considering his or her education, literacy, experience, and the restraints placed upon him or her by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation; (5) the plaintiff's capacity to retain counsel on his or her own behalf; and (6) the degree to which the case turns on credibility determinations or expert testimony. *See Montgomery v. Pinchak*, 294 F.3d 492, 498-99 (3d Cir. 2002); *Tabron*, 6 F.3d at 155-56. The list is not exhaustive, nor is any one factor determinative. *Tabron*, 6 F.3d at 157.

After reviewing the plaintiff's requests, the court concludes that the case is not so factually or legally complex that requesting an attorney is warranted. To date, the filings in this

---

[1] *See Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989) (§ 1915(d) (now § 1915(e)(1)) does not authorize a federal court to require an unwilling attorney to represent an indigent civil litigant, the operative word in the statute being "request.").

2

case demonstrate the plaintiff's ability to articulate his claims and represent himself. Thus, in these circumstances, the court will deny without prejudice to renew the plaintiff's request for counsel. (D.I. 70.) Should the need for counsel arise later, one can be appointed at that time.

The court notes that Drumgo is not the first inmate to complain of the destruction of documents following the February 1, 2017 incident at the VCC. In light of this fact, defendants will be ordered to provide to plaintiff copies of the following documents as they relate to remaining defendant Kuschel: answer to complaint (D.I. 23); discovery requests and responses (D.I. 34, 37, 41); any exhibits submitted to the United States Court of Appeals in Case No. 16-3308; and a copy of the transcript of the Drumgo's deposition.

The Clerk of Court recently provided Drumgo with a current court docket sheet. (D.I. 72) The Clerk of Court will be ordered to provide Drumgo with copies of the following docket items that include the complaint and exhibits filed by Plaintiff and memoranda and orders entered by the court, as follows: D.I. 3, 9, 10, 26, 31, 40, 43, 57, 59, 60, 61, and 69.

Finally, the court will enter an order to extend the discovery deadline and the deadline for filing dispositive motions.

## IV. CONCLUSION

For the above reasons, the court will deny Drumgo's request for counsel without prejudice to renew. (D.I. 70.) An appropriate order will be entered.

_____
UNITED STATES DISTRICT JUDGE

_May 16_, 2017
Wilmington, Delaware

3