IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DESHAWN DRUMGO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 14-1135-GMS |
| | ) |
| SGT. WILLIAM KUSCHEL, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM**

**I.  INTRODUCTION**

The plaintiff DeShawn Drumgo ("Drumgo"), a former inmate at the James T. Vaughn Correctional Center ("VCC"), Smyrna, Delaware, recently transferred to SCI Fruckville in Fruckville, Pennsylvania, filed this lawsuit pursuant to 42 U.S.C. § 1983. He proceeds *pro se* and has been granted leave to proceed *in forma pauperis*. (*See* D.I. 6.)

**II.  BACKGROUND**

On July 22, 2016, the court granted summary judgment in favor of the remaining defendants based upon Drumgo's failure to exhaust his administrative remedies. (D.I. 59, 60.) Drumgo appealed. (D.I. 63.) On appeal, the State conceded that Drumgo had exhausted his administrative remedies as to the defendant Officer Kuschel ("Kuschel"). As a result, the United States Court of Appeals for the Third Circuit vacated this court's judgment as to Kuschel only and remanded the matter for further consideration of the claim. *See Drumgo v. Kuschel*, 684 F. App'x 228 (3d Cir. 2017). The district court judgment was affirmed in all other respects. *Id.*

## III. DISCUSSION

### A. Motion to Enforce

On May 18, 2017, Drumgo advised the court that all his documents had been confiscated as a result of the February 2017 hostage incident at the VCC. The court ordered Kuschel and the Clerk of Court to provide Drumgo certain documents. When the defendant had not provided the documents, Drumgo filed a motion to enforce the defendant's failure to turn over documents. (D.I. 85.) On the same day, defense counsel advised the court that the documents had been provided to Drumgo. Therefore, the court will deny as moot the motion to enforce.

### B. Requests for Counsel

Drumgo requests counsel on the grounds that he is having difficulty obtaining discovery (D.I. 90) and that he was transferred to the Pennsylvania correctional facility without any of the documents that had been re-issued to him by the defendant and the Clerk of Court. (D.I. 90, 101.) He also contends that his recent been transferred to a correctional facility in the Commonwealth of Pennsylvania is a form of retaliation. (D.I. 106.) Drumgo's most recent request for counsel contains a litany of complaints regarding the conditions under which he is confined in the Commonwealth of Pennsylvania Department of Corrections ("PDOC"). (*See id.*)

A *pro se* litigant proceeding *in forma pauperis* has no constitutional or statutory right to representation by counsel.[1] See *Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). However, representation by counsel may be

---

[1]*See Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989) (§ 1915(d) (now § 1915(e)(1)) does not authorize a federal court to require an unwilling attorney to represent an indigent civil litigant, the operative word in the statute being "request.").

2

appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law. *Tabron*, 6 F.3d at 155.

After passing this threshold inquiry, the court should consider a number of factors when assessing a request for counsel. Factors to be considered by a court in deciding whether to request a lawyer to represent an indigent plaintiff include: (1) the merits of the plaintiff's claim; (2) the plaintiff's ability to present his or her case considering his or her education, literacy, experience, and the restraints placed upon him or her by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation; (5) the plaintiff's capacity to retain counsel on his or her own behalf; and (6) the degree to which the case turns on credibility determinations or expert testimony. *See Montgomery v. Pinchak*, 294 F.3d 492, 498-99 (3d Cir. 2002); *Tabron*, 6 F.3d at 155-56. The list is not exhaustive, nor is any one factor determinative. *Tabron*, 6 F.3d at 157.

After reviewing Drumgo's requests, the court concludes that the case is not so factually or legally complex that requesting an attorney is warranted. To date, the filings in this case demonstrate his ability to articulate his claims and represent himself. Thus, in these circumstances, the court will deny without prejudice to renew Drumgo's requests for counsel. (D.I. 90, 101, 106.) Should the need for counsel arise later, one can be sought at that time.

### C. Documents and Discovery

This matter cannot move forward if Drumgo does not have the necessary documents. The defendants advise the court that Drumgo received between three and six boxes and/or bags "apparently containing virtually all of his accumulated legal paperwork related to" Drumgo's case. (D.I. 103.) Since it is not clear to the court that Drumgo has received all of his legal documents, the defendant or his counsel will be ordered to provide to Drumgo copies of the

following documents as they relate to remaining defendant Kuschel: answer to complaint (D.I. 23); discovery requests and responses (D.I. 34, 37, 41, 91); any exhibits submitted to the United States Court of Appeals in Case No. 16-3308; a copy of the transcript of the Drumgo's deposition; and the defendant's motion for summary judgment, opening brief, and exhibits (D.I. 96, 97, 98).

The court notes that Drumgo served discovery upon the defendant on July 14, 2017 and the court docket does not reflect that the defendant objected to the discovery. (D.I. 91.) If he not already done so, the defendant shall provide discovery responsive to Drumgo's requests with the exception of documents that may be not be disseminated to inmates due to safety and security concerns.

The Clerk of Court recently provided Drumgo with a current court docket sheet. (D.I. 102.) The Clerk of Court will be ordered to provide Drumgo with copies of the following docket items that include the complaint and exhibits filed by Plaintiff and memoranda and orders entered by the court, as follows: D.I. 3, 9, 10, 26, 31, 40, 43, 57, 59, 60, 61, 69, 78, 79.

### D. Motions for Injunctive Relief

Drumgo has filed two motions for injunctive relief. The first, is a motion for emergency injunctive relief. (D.I. 100.) Drumgo states that he was transferred to the PDOC without any of his property. (*Id.*) He states that he needs his eyeglasses. (*Id.*) While not clear, it seems he contends they were either taken by C/O Anthony Burris ("Burris"), a Delaware Department of Correction ("DDOC") employee or Burris would not allow Drumgo to take them with him prior to his transfer to the PDOC. (*Id.*) Kuschel opposes the motion. (D.I. 103.)

A party seeking a preliminary injunction must show: (1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting

4

preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief. *Kos Pharmaceuticals, Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004) (citation omitted). "Preliminary injunctive relief is 'an extraordinary remedy' and 'should be granted only in limited circumstances.'" *Id.* (citations omitted). Because of the intractable problems of prison administration, a request for injunctive relief in the prison context must be viewed with considerable caution. *Abraham v. Danberg*, 322 F. App'x 169, 170 (3d Cir. 2009) (unpublished) (citing *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995)).

In his opposition to Drumgo's emergency motion for injunctive relief, Kuschel provided inventory sheets showing Drumgo's property that was transferred to the PDOC. Drumgo signed off on the sheets. The listing refers to numerous items owned by Drumgo and, in particular, item 59 refers to Drumgo's eyeglasses. Given the record before the court, Drumgo has not demonstrated the likelihood of success on the merits and, therefore, injunctive relief is not appropriate. The emergency motion for injunctive relief will be denied. (D.I. 100.)

In the second motion (D.I. 106), Drumgo complains of his conditions of confinement in the PDOC. His complaints are not related to the instant complaint and are directed towards the PDOC and its employees, none of whom are defendants in this matter. Therefore, the court will deny the motion. (D.I. 106.)

### E. Deadlines

On October 26, 2017, Drumgo filed two motions seeking additional time to respond to Kuschel's motion for summary judgment. (D.I. 104, 105.) He filed his answering brief on October 20, 2017. (*See* D.I. 107.) The court will grant the motion to extend the time and will deem Drumgo's response timely filed.

5

## IV. CONCLUSION

For the above reasons, the court will: (1) deny as moot Drumgo's motion to enforce (D.I. 85); (2) deny without prejudice to renew Drumgo's requests for counsel (D.I. 90, 101, 106); (3) deny Drumgo's motions for injunctive relief (D.I. 100, 106); and (4) grant Drumgo's motions to extend time to respond to the defendant's motion for summary judgment (D.I. 104, 105).

An appropriate order will be entered.

_Oct 25_, 2017
Wilmington, Delaware

_____
UNITED STATES DISTRICT JUDGE