IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DESHAWN DRUMGO, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civ. No. 14-1135-GMS ) |
| SGT WILLIAM KUSCHEL, | ) ) |
| Defendant. | ) ) |

**MEMORANDUM**

The plaintiff DeShawn Drumgo ("Drumgo"), a former inmate at the James T. Vaughn Correctional Center ("VCC"), Smyrna, Delaware, now housed at SCI Coal Township in Coal Township, Pennsylvania, filed this lawsuit pursuant to 42 U.S.C. § 1983. He proceeds *pro se* and has been granted leave to proceed *in forma pauperis*. (*See* D.I. 6.) Pending are numerous motions filed by Drumgo. (D.I. 112, 115, 116, 122, 123, 128.)

Drumgo's habit is to file one motion and apply it to multiple cases even though the issues are not identical and the cases are not in the same posture. The result is confusion. Therefore, Drumgo is placed on notice that in the future, motions he files containing more than one case number, similar to D.I. 112, 123, and 128, will be docketed but not considered.

**I.    Motion for Reconsideration**

On October 25, 2017, the court signed an order that denied Drumgo's motions for injunctive relief. (D.I. 108, 109.) At issue was Drumgo's property. Drumgo contends that he was transferred to the Pennsylvania Department of Corrections without his property and he was in particular need of his glasses. The defendant provided an inventory of Drumgo's belongings, signed by Drumgo, that included the glasses. Drumgo's motions were denied. Drumgo moves

for reconsideration on the grounds that it is not his signature. He asks that the issue be revisited. (D.I. 112.)

The standard for obtaining relief under Rule 59(e) is difficult for Drumgo to meet. The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made. *See Glendon Energy Co. v. Borough of Glendon,* 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). Motions for reargument or reconsideration may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990). Reargument, however, may be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning but of apprehension." *Brambles USA*, 735 F. Supp. at 1241 (D. Del. 1990) (citations omitted); *See also* D. Del. LR 7.1.5.

The court has reviewed the filings and opposition to Drumgo's motions for injunctive relief, including exhibits submitted by the defendant. The court finds that Drumgo has failed to demonstrate any grounds to warrant reconsideration of the October 25, 2017 order. Therefore, the court will deny the motion for reconsideration. (D.I. 112.)

2

## II. Requests for Counsel

Drumgo seeks counsel on the grounds that he is being transferred from prison to prison, each time he is transferred he loses his documents, he has little to no resources because there is not up-to-date case law due to the backward prison where he is held, counsel is necessary for a thorough investigation, expert witnesses will be necessary, he is unable to retain counsel, his mail is often destroyed, and he is indigent. (D.I. 115, 128.)

A *pro se* litigant proceeding *in forma pauperis* has no constitutional or statutory right to representation by counsel.[1] *See Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). However, representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law. *Tabron*, 6 F.3d at 155.

After passing this threshold inquiry, the court should consider a number of factors when assessing a request for counsel. Factors to be considered by a court in deciding whether to request a lawyer to represent an indigent plaintiff include: (1) the merits of the plaintiff's claim; (2) the plaintiff's ability to present his or her case considering his or her education, literacy, experience, and the restraints placed upon him or her by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation; (5) the plaintiff's capacity to retain counsel on his or her own behalf; and (6) the degree to which the case turns on credibility determinations or expert testimony. *See*

---

[1] *See Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989) (§ 1915(d) (now § 1915(e)(1)) does not authorize a federal court to require an unwilling attorney to represent an indigent civil litigant, the operative word in the statute being "request.").

3

*Montgomery v. Pinchak*, 294 F.3d 492, 498-99 (3d Cir. 2002); *Tabron*, 6 F.3d at 155-56. The list is not exhaustive, nor is any one factor determinative. *Tabron*, 6 F.3d at 157.

After reviewing the plaintiff's requests, the court concludes that the case is not so factually or legally complex that requesting an attorney is warranted. Drumgo is an experienced *pro se* litigator and to date, the filings in this case demonstrate his ability to articulate his claims and represent himself. The court provided Drumgo with documents in this case. He states that they have either been "destroyed or deprive[d]" making it impossible for him to litigate. The Clerk of Court will be directed to provide Drumgo with a copy of the court docket, and Drumgo shall advise the court if there are documents he believes he needs to litigate the case. Drumgo states that he is "still in need of his summary judgment brief" filed in this case. While Drumgo has opposed motions for summary judgment filed by the defendant, the court docket has no entry that Drumgo ever filed a motion for summary judgment. In light of the foregoing, the court will deny without prejudice to renew the plaintiff's requests for counsel. (D.I. 115, 128.) Should the need for counsel arise later, one can be appointed at that time.

## III. Injunctive Relief

The title of Drumgo's first motion for injunctive relief is "motion of injunction to force the Department of Justice to compel Delaware DOC to order [its] contractors of PA DOC to turn over Plaintiff's legal documents concerning this case." (D.I. 115.) His second motion for injunctive relief, filed the same day, seeks the return of his legal documents or replevin. (D.I. 116.)

A party seeking a preliminary injunction must show: (1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting

4

preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief. *Kos Pharmaceuticals, Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004) (citation omitted). "Preliminary injunctive relief is 'an extraordinary remedy' and 'should be granted only in limited circumstances.'" *Id.* (citations omitted). Because of the intractable problems of prison administration, a request for injunctive relief in the prison context must be viewed with considerable caution. *Abraham v. Danberg*, 322 F. App'x 169, 170 (3d Cir. 2009) (unpublished) (citing *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995)).

While not clear, in the first motion it seems that Drumgo argues that his lost legal materials contained a motion for reconsideration in the form of an appeal that he is unable to retrieve or send and this causes him irreparable harm. In the second motion, Drumgo continues to complain that his legal documents were taken or destroyed following the prison siege. As Drumgo knows from a prior order entered in this case, for him to prevail on a denial of the right of access to the courts, he must show that he was actually injured by such interference. (*See* D.I. 13, 14); *see also Lewis v. Casey*, 518 U.S. 343, 349 (1996); *Oliver v. Fauver*, 118 F.3d 175, 178 (3d Cir. 1997). Other than his conclusory statements, Drumgo has made no such showing. Drumgo has failed to demonstrate the likelihood of success on the merits and, therefore, injunctive relief is not appropriate. The motions will be denied. (D.I. 115, 116.)

## IV.  Motion to Amend Reply

Drumgo filed a motion to amend his reply and/or a reply to the defendant's reply of summary judgment. (D.I. 122.) The court considers the filing as a sur-reply and will direct its filing. Therefore, the motion to amend will be denied as moot. (D.I. 122.)

5

## V. Motion to Withdraw Jury Demand

Drumgo's complaint does not contains a jury demand. (D.I. 3.) Nor did the defendant make a jury demand in their answer. Drumgo filed a motion to amend the complaint that seeks to have the matter proceed as a bench trial. (D.I. 123.) Given that no party has made a jury demand, the matter proceeds as a bench trial. Therefore, the motion will be denied as moot.

## VI. Motion for Scheduling Order

Drumgo filed a motion for a scheduling order. (D.I. 128.) A scheduling order was entered by the court on May 29, 2015 and deadlines were extended on September 27, 2017. (D.I. 31, 95.) In viewing the court docket it appears that all parties have engaged in discovery. In addition, the defendant filed a motion for summary judgment and briefing is complete. Therefore, the motion will be denied. (D.I. 128.)

## VI. Conclusion

For the above reasons, the court will: (1) deny the motion for reconsideration (D.I. 112); (2) deny without prejudice to renew the plaintiff's requests for counsel (D.I. 115, 128); (3) deny the motions for injunctive relief (D.I. 115, 116); (4) deny as moot the motion to amend reply (D.I. 122); (5) deny as moot the motion to withdraw jury demand (D.I. 123); (7) deny the motion for scheduling order (D.I. 128); and (8) order the Clerk of Court to provide Drumgo with a copy of the court docket.

A separate order shall issue.

UNITED STATES DISTRICT JUDGE

Nov. 12, 2018
Wilmington, Delaware