In The United States District Court For The District of Delaware

De-Shaun Drumgo
                    V
SGT William Kuschel

Ca No. 14-1135-CFC

Motion to reconsider And motion to Appeal to the 3rd circuit of Appeal's once Again



FILED
APR 22 2019
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

1. Plaintiff De-Shaun Drumgo is A Pro se litigant

2. Plaintiff case has Already been reversed by the 3rd circuit Court of Appeal's for Philadelphia and again the Lower Court the United States District Court has thrown the case out and or wrongfully dismissed the case this time under Qualified immunity As if Anyone with Common sense Doesn't know to sexually Assault A man is illegal. and to use your offical capacity and or Job Position to commit A crime for his own Voyeurism is outrageously A shock to A Man's conchance.

3. The New Judge Connolly has Dismissed two cases that have merit and Genuine factual material that exist to Preclude Summary Judgment, Those Facts Disputed Should of only been decided infront of A Jury

4. The Newly Appointed Judge Connolly has thrown out Two cases that has already been reversed And remanded one buy the Honorable Judge Sleet And the other by the 3rd circuit court of Appeals for Philadelphia.

Frivolous invoking of the 11th Amendment.

The Plaintiff sued the Defendent in both his individual Capacity And official Capacity.

Due to the nature of this sexual assault and the fact that SGT Kuschel has more victims then bill cosby And has used his Job Position to further his Voyeurism which is clearly a violation of clearly established constitutional rights. Please see Harlow V Fitzgerald 457 U.S. 800, 818, 102 SCT. 2727 (1982).

Clearly No Reasonable officer could have believed his Actions of Sexual Assault and or using his official capacity to perpetrate or penetrate prisoners for his own Voyeurism And or sexual desires was reasonable nor appropiate. Please see Green V Bauvi 792 F.supp. 928 940 SDNY (1992)

Also Prison officials who violate regulations or Law lose their immunity beings the he was Sexually Assaulting for his own desires he was no longer performing discretionary Functions.

Please see Hafer V Melo 112 S.CT. at 363 Where the Nations Highest court Rejects the argument of Qualified Immunity Also see O'Brien V Borough of woodbury Heights 679 F.Supp 429 435-36 (DNV 1988) No defense for official who clearly engaged in Unconstitutional conduct.

Please see Davis V. Scherer 468 U.S. at 197
Johnson V Boreani 946 F.2d 67, 71-72 (8th cir 1991)
Estrada-Adurno V Gonzales 861 F2d 304, 306 1st cir (1988)

officials are also expected to use common sense in assessing their legal obligation. However William Kuschal's common sense went out the window. Due to not being able to control his own sexual desires.

The Defendant Cannot Escape liability by attempting to make fine distinctions Please see Powell v Lennon 914 F.2d 1459, 1464 11th cir 1990 unlawfulness and Exposure.

Discovery has been deprived in which the Plaintiff can show more victims and the propensity of this sexual Predator of a officer.

Counsel has been needed to obtain the discovery for Quite sometime and Now the Plaintiff may have to Ask for Appointment of Counsel to Continue on to the 3rd circuit Court of Appeals

For the Judge to Disregard Genuine factual material that exists making a decision before a Jury being able to is contrary to United States Supreme Court Law also that of the 3rd circuit court of Appeal's.

It is Common Sense that the Golden state killer is Not Protected by the Eleventh Amendment because he was a Cop. Their fore SGT Kuschel's Bogus Claim of Qualified immunity is Not A Defense for him Being A sexual predator which is Absolutely disgusting Not only Must the 3rd circuit review this insidious case again the world should Also. threw all news and social media these Assaults And a Combination other things Mainly the Games the Courts Play lead to the Uprising's and loss of lifes Lives who will Prosecute the Correctional officers surely Not their attorney's.

This court Quoted the following and then made a decision Contrary where it said:

Last Year, the United States Court of Appeals for the Third Circuit joined several other circuits to hold that sexual abuse of prisoners by prison officials can violate the 8th Amendment. Richs V Shover 891 F.3d 468, 473 (3d cir 2018) The Third Circuit stated that the sexual abuse of prisoners, once overlooked as a distasteful blight on the prison system offends our most basic principle of just punishment." and invades the most basic of dignity interests: to be treated as a human being and is not part of the penalty that criminal offenders pay for the offenses against society. quoting Boddie V schneider 105 F3d 857, 861 (2d cir 1997)

The Court clarified that a single incident if sufficiently serious or severe, can run afoul of the 8th Amendment as surely as can multiple, less egregious incidents Richs 891, F.3d at 477.

Objectively serious sexual contact would include sexualized fondling, coerced sexual activity, combinations of ongoing harrassment and abuse and exchanges of sexual activity for special treatment or to avoid discipline and in context, other sexual sexualized touching may be Objectively serious if it violates prison procedures. Where Clearly sexual Assault violates all law And Policy and Procedure.

Now to evaluate the Prongs of the doctrine of Qualified immunity. (1) The Plaintiff provide Grievances Affidavit's, Medical Grievance And A sworn and Verified Complaint 2) the Affidavit's Clearly Provide material fact for dispute clearly describing Assault. That clearly Violated the Plaintiff's Eighth Amendment. 3) The Plaintiff suffer Physical harm and experience Nightmares And suffers from Flashback Post-Traumatic Stress Disorder (PTSD).

1) The Defendant clearly Violated the Plaintiff's 8th Amendment Right to be free of A Cruel And Unusual Punishment.

2) Per Prisoner Rape Elimination Act To sexually Assault the Plaintiff And Common Sense Clearly establish Sexual Assault with his Voyeurism was inappropriate Conduct.

A Genuine issue of material fact will preclude summary Judgment on Qualified immunity Giles V Kearney 571 F.3d 318 326 3d Cir 2009 see also Curley V. Klem 298 F.3d 271, 278 (3d cir 2002) noting that a decision on Qualified immunity will be premature when there are unresolved disputes of historical fact relevant to the immunity analysis. The Court must deny summary Judgment if, on Plaintiff version of the facts, Defendant violated Plaintiff's clearly established constitutional rights.

Lastly some how the Court relies on the words of A Doc Department of Corrections Psych As if they would ever say Anything to benefit A Plaintiff.

For the following Reasons
the Plaintiff Ask that this
motion to reconsider be
Granted Respectfully submitted

KeShawn Arrington
MC116140
SCI. Frackville
1111 Altamont Blvd
Frackville, PA
17931-2699

FILED
APR 22 2019
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

To: The United States District Court
Judge Connolly
844 N. King Street # Unit #18
Wilmington, Delaware
19801-3570

"Inmate Mail PA DEPT. OF CORRECTIONS"
U.S.M.S X-RAY