## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

DESHAWN DRUMGO,

      Plaintiff,

      v.

SGT. WILLIAM KUSCHEL,

      Defendant.

C.A. No. 14-1135-CFC

**JURY TRIAL DEMANDED**

## [PROPOSED] FINAL JURY INSTRUCTIONS

Daniel M. Silver (#4758)
Angela C. Whitesell (#5547)
Shannon Humiston (#5740)
Alexandra M. Joyce (#6423)
**MCCARTER & ENGLISH, LLP**
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, Delaware 19801
(302) 984-6300
dsilver@mccarter.com
awhitesell@mccarter.com
shumiston@mccarter.com
ajoyce@mccarter.com

*Attorneys for Plaintiff*
*DeShawn Drumgo*

December  13, 2021

Zi-Xiang Shen (#6072)
Kenneth L. Wan (#5667)
**STATE OF DELAWARE**
**DEPARTMENT OF JUSTICE**
Carvel State Building
820 North French Street
Wilmington, DE 19801
(302) 577-8400
Zi-Xiang.Shen@delaware.gov
Kenneth.Wan@delaware.gov

*Attorneys for Defendant*
*William Kuschel*

# FINAL JURY INSTRUCTIONS

## INTRODUCTION AND ROLE OF JURY

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.

Each of you has been provided a copy of these instructions. You may read along as I deliver them if you prefer, however, I would encourage you to focus your attention on me while the instructions are being read. You will be able to take your copies with you into your deliberations and refer to them at that time, if necessary.

I will start by explaining your duties and the general rules that apply in every civil case. Then I will explain some rules that you must use in evaluating particular testimony and evidence. I will explain the positions of the parties and the law you will apply in this case. Finally, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return. Please listen very carefully to everything I say.

As I indicated at the start of trial, you and only you are the judges of the facts. You will have to decide what happened. I play no part in judging the facts. Nothing I have said or done during this trial was meant to influence your decisions about the evidence or what your verdict should be. Your second duty is to apply

the law that I give you to the facts.   You must follow the law and these instructions, even if you disagree with them.

Perform these duties fairly.   Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

BASED ON THIRD CIRCUIT GENERAL INSTRUCTION FOR CIVIL CASES 1.1.

2

## **EVIDENCE DEFINED**

You must make your decision based only on the evidence that you saw and heard here in court.  Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence from which you are to find the facts consists of the following:

     1. The testimony of the witnesses;

     2. Documents and other things received as exhibits;

     3. Any facts that are stipulated--that is, formally agreed to by the parties; and

     4. Any facts that are judicially noticed--that is, facts I say you must accept as true even without other evidence.

The following things are not evidence:

     1. Statements, arguments, and questions of the lawyers for the parties in this case;

     2. Objections by lawyers.

     3. Any testimony I tell you to disregard; and

     4. Anything you may see or hear about this case outside the courtroom.

Nothing else is evidence.  The lawyers' statements and arguments are not evidence.  The arguments of the lawyers are offered solely as an aid to help you in

3

your determination of the facts.  Their questions and objections are not evidence.  My legal rulings are not evidence.  My comments and questions are not evidence.

During the trial I may have not let you hear the answers to some of the questions the lawyers asked. I may also have ruled that you could not see some of the exhibits that the lawyers wanted you to see.  You must completely ignore all of these things.  Do not speculate about what a witness might have said or what an exhibit might have shown.  These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

BASED ON THIRD CIRCUIT GENERAL INSTRUCTION FOR CIVIL CASES 1.5; MISCELLANEOUS JURY INSTRUCTIONS (GMS).

ME1 38653849v.1

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

You have heard the terms direct and circumstantial evidence.

Direct evidence is evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that she saw it raining outside, and you believed her, that would be direct evidence that it was raining.

Circumstantial evidence is a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, nor does it say that one is any better than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

BASED ON MISCELLANEOUS JURY INSTRUCTIONS (GMS).

## **CONSIDERATION OF EVIDENCE**

You should use your common sense in weighing the evidence.  Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves.  If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.


BASED ON MISCELLANEOUS JURY INSTRUCTIONS (GMS) AND THIRD CIRCUIT GENERAL INSTRUCTION FOR CIVIL CASES 1.5.

## STATEMENTS OF COUNSEL

The attorneys' statements and arguments are not evidence.  Instead, their statements and arguments are intended to help you review the evidence presented. If you remember the evidence differently from the attorneys, you should rely on your own recollection.

The role of attorneys is to zealously and effectively advance the claims of the parties they represent with the bounds of the law.  An attorney may argue all reasonable conclusions from evidence in the record.  It is not proper, however, for an attorney to state an opinion as to the truth or falsity of any testimony or evidence.  What an attorney personally thinks or believes about the testimony or evidence in a case is not relevant, and you are instructed to disregard any personal opinion or belief concerning testimony or evidence that an attorney has offered during opening or closing statements, or at any other time during the course of the trial.

BASED ON MISCELLANEOUS JURY INSTRUCTIONS (GMS).

ME1 38653849v.1

## CREDIBILITY OF WITNESSES

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe.  You are the sole judges of the credibility of the witnesses. "Credibility" means whether a witness is worthy of belief.  You may believe everything a witness says or only part of it or none of it. In deciding what to believe, you may consider a number of factors, including the following:

(1) the opportunity and ability of the witness to see or hear or know the things the witness testifies to;

(2) the quality of the witness's understanding and memory;

(3) the witness's manner while testifying;

(4) whether the witness has an interest in the outcome of the case or any motive, bias or prejudice;

(5) whether the witness is contradicted by anything the witness said or wrote before trial or by other evidence;

(6) how reasonable the witness's testimony is when considered in the light of other evidence that you believe; and

(7) any other factors that bear on believability.

THIRD CIRCUIT GENERAL INSTRUCTION FOR CIVIL CASES 1.7.

## **CREDIBILITY OF WITNESSES - WEIGHING CONFLICTING TESTIMONY**

You are the sole judges of each witness's credibility.  That includes the parties.  You should consider each witness's means of knowledge; strength of memory; opportunity to observe; how reasonable or unreasonable the testimony is; whether it is consistent or inconsistent; whether it has been contradicted; the witnesses' biases, prejudices, or interests; the witnesses' manner or demeanor on the witness stand; and all circumstances that, according to the evidence, could affect the credibility of the testimony.

It is your responsibility to accept the testimony that, in your judgment, is most believable and disregard any testimony that, in your judgment, is not believable.

BASED ON MISCELLANEOUS JURY INSTRUCTIONS (GMS). PTC Hr'g Tr. 28:8-19.

## NUMBER OF WITNESSES

One more point about the witnesses.  Sometimes jurors wonder if the number of witnesses who testified makes any difference.

Do not make any decisions based only on the number of witnesses who testified.  What is more important is how believable the witnesses were, and how much weight you think their testimony deserves.  Concentrate on that, not the numbers.

BASED ON MISCELLANEOUS JURY INSTRUCTIONS (GMS).

ME1 38653849v.1

## **BURDEN OF PROOF: PREPONDERANCE OF THE EVIDENCE**

This is a civil case.  Mr. Drumgo is the party that brought this lawsuit.  Mr. Kuschel is the party against whom the lawsuit was filed.  Mr. Drumgo has the burden of proving the claims of his case by what is called the preponderance of the evidence.  That means Mr. Drumgo has to prove to you, in light of all the evidence, that what he claims is more likely so than not so.  To say it differently: if you were to put the evidence favorable to Mr. Drumgo and the evidence favorable to Mr. Kuschel on opposite sides of the scales, Mr. Drumgo would have to make the scales tip somewhat on his side.  If Mr. Drumgo fails to meet this burden, the verdict must be for Mr. Kuschel.  If you find after considering all the evidence that a claim or fact is more likely so than not so, then the claim or fact has been proved by a preponderance of the evidence.

In determining whether any fact has been proved by a preponderance of evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

On certain issues, called affirmative defenses, Defendant has the burden of proving the elements of the defense by a preponderance of the evidence.  I will instruct you on the facts that will be necessary for you to find on this affirmative defense.   An affirmative defense is proven if you find, after considering all

11

evidence in the case, that the Defendant has succeeded in proving that the required facts are more likely so than not so.

You may have heard of the term "proof beyond a reasonable doubt."  That is a stricter standard of proof and it applies only to criminal cases.  It does not apply in civil cases such as this.  So you should put it out of your mind.

THIRD CIRCUIT GENERAL INSTRUCTION FOR CIVIL CASES 1.10

## OBJECTIONS - RULINGS ON EVIDENCE

Attorneys have a duty to object to evidence that they believe has not been properly offered.  You should not be prejudiced in any way against attorneys who make these objections or against the parties they represent.  If I have sustained an objection, you must not consider that evidence and you must not speculate about whether other evidence might exist or what it might be.  If I have overruled an objection, you are free to consider the evidence that has been offered.

ME1 38653849v.1

## SECTION 1983 INTRODUCTION

Mr. Drumgo is suing under Section 1983, a civil rights law passed by Congress that provides a remedy to persons who have been deprived of their federal constitutional rights under color of state law.

THIRD CIRCUIT INSTRUCTION FOR CIVIL CASES 4.1.

ME1 38653849v.1

## SECTION 1983 – ELEMENTS OF CLAIM

Mr. Drumgo must prove both of the following elements by a preponderance of the evidence:  First: Mr. Kuschel acted under color of state law.  Second: While acting under color of state law, that Mr. Kuschel deprived Mr. Drumgo of a federal constitutional right.  I will now give you more details on actions under color of state law, after which I will tell you the elements Mr. Drumgo must prove to establish the violations of his federal constitutional right.

ME1 38653849v.1

## **SECTION 1983 -- UNDER COLOR OF STATE LAW IS NOT IN DISPUTE**

Because Mr. Kuschel was an official of the State of Delaware at the relevant time, I instruct you that he was acting under color of state law.  In other words, this element of Mr. Drumgo's claims is not in dispute, and you must find that this element has been established.

BASED ON THIRD CIRCUIT GENERAL INSTRUCTION FOR CIVIL CASES 4.4.1.

16

## <u>DEPRIVATION OF A FEDERAL RIGHT</u>

The second element of Mr. Drumgo's § 1983 claim is that Mr. Kuschel deprived Mr. Drumgo of a federal constitutional right through his own actions. Mr. Drumgo claims that Mr. Kuschel violated the prohibition on cruel and unusual punishment found in the United States Constitution.

The Eighth Amendment to the United States Constitution, which prohibits cruel and unusual punishment, protects convicted prisoners from malicious and sadistic uses of physical force by prison officials.

In this case, Mr. Drumgo claims that during a routine search, Mr. Kuschel unnecessarily grabbed and squeezed Mr. Drumgo's penis, causing him both immediate physical harm and long-term mental and emotional harm.

In order to establish his claim for violation of the Eighth Amendment, Mr. Drumgo must prove that Mr. Kuschel used force against him maliciously, for the purpose of causing harm, rather than in a good faith effort to maintain or restore discipline.  It is not enough to show that, in hindsight, the amount of force seems unreasonable; Mr. Drumgo must show that Mr. Kuschel used force maliciously, for the purpose of causing harm.  When I use the word "maliciously," I mean intentionally injuring another, without just cause or reason, and doing so with excessive cruelty or a delight in cruelty.  Mr. Drumgo must also prove that Mr. Kuschel's use of force caused some harm to him.

In deciding whether Mr. Drumgo has proven this claim, you should consider whether Mr. Kuschel used force against Mr. Drumgo, whether there was a need for the application of force, and the relationship between that need for force, if any, and the amount of force applied.  In considering whether there was a need for force, you should consider all the relevant facts and circumstances that Mr. Kuschel reasonably believed to be true at the time of the encounter.  Such circumstances can include whether Mr. Kuschel reasonably perceived a threat to the safety of staff or inmates, and if so, the extent of that threat.  In addition, you should consider whether Mr. Kuschel made any efforts to temper the severity of the force he used.

You should also consider whether Mr. Drumgo was physically injured and the extent of such injury.  But a use of force can violate the Eighth Amendment even if it does not cause significant injury.  Although the extent of any injuries to Mr. Drumgo may help you assess whether a use of force was legitimate, a malicious and sadistic use of force violates the Eighth Amendment even if it produces no significant physical injury.

BASED IN PART ON THIRD CIRCUIT INSTRUCTION FOR CIVIL CASES 4.5; 4.10; *see Ricks v. Shover,* 891 F.3d 468, 473, 478 (3d Cir. 2018); *Drumgo v. Kuschel,* 811 Fed. Appx. 115, 2020 WL 2316047, at *2 (3d Cir. 2020).

## <u>SECTION 1983 – DAMAGES – COMPENSATORY DAMAGES</u>

I am now going to instruct you on damages. Just because I am instructing you on how to award damages does not mean that I have any opinion on whether or not Mr. Kuschel should be held liable.

If you find Mr. Kuschel liable, then you must consider the issue of compensatory damages.  You must award Mr. Drumgo an amount that will fairly compensate him for any injury he actually sustained as a result of Mr. Kuschel's conduct.

Mr. Drumgo must show that the injury would not have occurred without Mr. Kuschel's act.  Mr. Drumgo must also show that Mr. Kuschel's act played a substantial part in bringing about the injury, and that the injury was either a direct result or a reasonably probable consequence of Mr. Kuschel's act.

Compensatory damages must not be based on speculation or sympathy. They must be based on the evidence presented at trial, and only on that evidence. Mr. Drumgo has the burden of proving compensatory damages by a preponderance of the evidence.

You may not award compensatory damages for physical injury to Mr. Drumgo unless you find that Mr. Drumgo proved that he actually sustained physical injury.  Similarly, you may not award compensatory damages for emotional or mental harm unless you find that Mr. Drumgo actually sustained

physical injury.  To award compensatory damages for physical or emotional injury, Mr. Drumgo must show that he suffered physical injury that is more than minor or trivial.

If you find that Mr. Drumgo has shown actual injury, you may award compensatory damages even if the monetary value of his injury is difficult to ascertain.

In assessing damages, you must not consider attorneys' fees or the costs of litigating this case.  Attorneys' fees and costs, if relevant at all, are for the court and not the jury to determine.  Therefore, attorneys' fees and costs play no part in your calculation of any damages.

THIRD CIRCUIT INSTRUCTION FOR § 1983 CLAIMS 4.8.1; 42 U.S.C. 1997e(e); *Mitchell v. Horn*, 318 F.3d 523, 536 (3d Cir. 2003) (setting forth legal standard for "physical injury" under 42 U.S.C. § 1997e(e); *see also Camps v. Nutter*, 2017 WL 2779180, at *3 (E.D. Pa. June 27, 2017) (reciting Third Circuit's definition of substantial physical injury).

THIRD CIRCUIT INSTRUCTION FOR CIVIL CASES 4.8.1 and 4.8.2; *Memphis Community School Dist. v. Stachura*, 477 U.S. 299, 308 (1986); *Mitchell v. Horn,* 318 F.3d 523, 536 (3d 10 Cir. 2003); *Brooks v. Andolina,* 826 F.2d 1266, 1269 (3d Cir. 1987).

PTC  Hr'g Tr. 29:14-30:5.

## SECTION 1983 – DAMAGES - NOMINAL DAMAGES

If you return a verdict for Mr. Drumgo, but find Mr. Drumgo has failed to prove compensatory damages, then you must award nominal damages of $1.00.

A person whose federal rights were violated is entitled to a recognition of that violation, even if he suffered no actual injury.  Nominal damages (of $1.00) are designed to acknowledge the deprivation of a federal right, even where no actual injury occurred.

However, if you find actual injury, you must award compensatory damages (as I instructed you), rather than nominal damages.

BASED ON THIRD CIRCUIT INSTRUCTION FOR CIVIL CASES 4.8.2.

ME1 38653849v.1

## SECTION 1983 – DAMAGES – PUNITIVE DAMAGES

In addition to compensatory or nominal damages, you may consider awarding Mr. Drumgo punitive damages.  You may award punitive damages to punish a defendant and to deter the defendant, and others like the defendant, from committing in such conduct in the future.

You may only award punitive damages if you find that Mr. Kuschel acted maliciously or wantonly in violating Mr. Drumgo's federally protected rights.

A defendant is malicious when he consciously desires to violate federal rights of which he is aware, or when he consciously desires to injure the plaintiff in a manner he knows to be unlawful.  A conscious desire to perform the physical acts that caused plaintiff's injury, or to fail to undertake certain acts, does not by itself establish that a defendant had a conscious desire to violate rights or injure plaintiff unlawfully.

A violation is wanton if the person committing the violation recklessly or callously disregarded the plaintiff's rights.

If you find that it is more likely than not that Mr. Kuschel acted maliciously or wantonly in violating Mr. Drumgo's federal rights, then you may award punitive damages.  However, an award of punitive damages is discretionary; that is, if you find that the legal requirements for punitive damages are satisfied, then you may decide to award punitive damages, or you may decide not to award them.

ME1 38653849v.1

I will now discuss some considerations that should guide your exercise of this discretion.  But remember that you cannot award punitive damages unless you have found that Mr. Kuschel acted maliciously or wantonly in violating Plaintiff's federal rights.

In determining any award of punitive damages, you may consider the nature of Mr. Kuschel's conduct and the degree to which the conduct was reprehensible. Finally, you may assess an amount of damages that will deter Defendant Mr. Kuschel and others like him from similar conduct in the future.  The law provides no fixed standards for the amount of punitive damages.  If you find that Mr. Drumgo is entitled to an award of punitive damages, state the amount of punitive damages separately on the verdict form.

BASED ON THIRD CIRCUIT INSTRUCTION FOR CIVIL CASES 4.8.3; PTC Hr'g Tr. 30:6-19.

## **DELIBERATION**

When you retire to the jury room to deliberate, you may take with you these instructions, your notes and the exhibits that the Court has admitted into evidence. You should select one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in open court.

You have two main duties as jurors.  The first one is to decide what the facts are from the evidence that you saw and heard here in court.  Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if, under the appropriate burden of proof, the parties have established their claims.  It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them.  This includes the instructions that I gave you before and during the trial, and these instructions.  All the instructions are important, and you should consider them together as a whole.

Perform these duties fairly.  Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

As jurors, you have a duty to consult with each other and to deliberate with the intention of reaching a verdict. Each of you must decide the case for yourself,

24

but only after a full and impartial consideration of all of the evidence with your fellow jurors. Listen to each other carefully. In the course of your deliberations, you should feel free to re-examine your own views and to change your opinion based upon the evidence. But you should not give up your honest convictions about the evidence just because of the opinions of your fellow jurors. Nor should you change your mind just for the purpose of obtaining enough votes for a verdict.

When you start deliberating, do not talk to the jury officer, to me or to anyone but each other about the case.  During your deliberations, you must not communicate with or provide any information to anyone by any means about this case.  You may not use any electronic device or media, such as a cell phone, smart phone, tablet, or computer of any kind; the internet, any internet service, or any text or instant messaging service; or any internet chat room, blog, website, or social networking service, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the internet or available through social media might be wrong, incomplete, or inaccurate. Information that you might see on the internet or on social media has not been admitted into evidence and the parties have not had a chance to discuss it with you. You should

25

not seek or obtain such information and it must not influence your decision in this case.

If you have any questions or messages for me, you must write them down on a piece of paper, have the foreperson sign them, and give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take some time to get back to you.

One more thing about messages. Never write down or tell anyone how you stand on your votes. For example, do not write down or tell anyone that a certain number is voting one way or another. Your votes should stay secret until you are finished.

Your verdict must represent the considered judgment of each juror. In order for you as a jury to return a verdict, each juror must agree to the verdict. Your verdict must be unanimous.

A form of verdict has been prepared for you. It has a series of questions for you to answer. You will take this form to the jury room and when you have reached unanimous agreement as to your verdict, you will fill it in, and have your foreperson date and sign the form. You will then return to the courtroom and your foreperson will give your verdict. Unless I direct you otherwise, do not reveal your

answers until you are discharged. After you have reached a verdict, you are not required to talk with anyone about the case unless I order you to do so.

Once again, I want to remind you that nothing about my instructions and nothing about the form of verdict is intended to suggest or convey in any way or manner what I think your verdict should be.  It is your sole and exclusive duty and responsibility to determine the verdict.

BASED ON THIRD CIRCUIT GENERAL INSTRUCTION FOR CIVIL CASES 3.1.

Dated: December 13, 2021


**MCCARTER & ENGLISH, LLP**

**STATE OF DELAWARE**
**DEPARTMENT OF JUSTICE**


*/s/ Daniel M. Silver*

Daniel M. Silver (#4758)
Angela C. Whitesell (#5547)
Shannon D. Humiston (#5740)
Alexandra M. Joyce (#6423)
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, Delaware 19801
(302) 984-6300
dsilver@mccarter.com
awhitesell@mccarter.com
shumiston@mccarter.com
ajoyce@mccarter.com

*Attorneys for Plaintiff*
*DeShawn Drumgo*

*/s/ Zi-Xiang Shen*

Zi-Xiang Shen (#6072)
Kenneth L. Wan (#5667)
Carvel State Building
820 North French Street
Wilmington, DE 19801
(302) 577-8400
Zi-Xiang.Shen@delaware.gov
Kenneth.Wan@delaware.gov

*Attorneys for Defendant*
*William Kuschel*

28