# EXHIBIT C

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GLENNDOL FRANK PARKER,** : | | CIVIL ACTION |
| Plaintiff : | | |
| vs. : | | |
| : | | NO. 07-0251 |
| **C.O. CONWAY, et al.,** : | | |
| Defendants : | | |

## ORDER

AND NOW, this 21st day of May, 2008, upon consideration of Plaintiff's Motion for Attorney's Fees (Doc. No. 44), and Defendant Conway's Response to Plaintiff's Motion for Attorney's Fees (Doc. No. 45), and Plaintiff's Reply in Response to the Opposition to the Motion for Attorney's Fees (Doc. No. 46), it is hereby **ORDERED** that Plaintiff's Motion is **GRANTED IN PART** and **DENIED IN PART**, as follows:

1. Attorney's fees are awarded in the total amount of $26,250;[1] and

---

[1] The Prison Litigation Reform Act ("PLRA") and Third Circuit precedent compel the result that attorney's fees are capped at 150% of the total award to the plaintiff. *See* 42 U.S.C. § 1997e(d)(2); *Collins v. Montgomery County Bd. of Prison Inspectors*, 176 F.3d 679, 683 (3d Cir. 1999) ("the fees awarded cannot exceed 150% of the judgment"), *cert. denied,* 528 U.S. 1115 (2000). In this case, the jury awarded plaintiff a total of $17,500; therefore, the maximum allowable attorney fee award is $26,250 ($17,500 x 150% = $26,250).

Plaintiff argues that the PLRA-imposed cap on attorney's fees is unconstitutional. As plaintiff readily acknowledges, this question was considered by the Third Circuit in *Collins*. The *en banc Collins* Court divided equally on this question, and thus affirmed the Order of the District Court upholding the constitutionality of the attorney's fee cap. *Id*. at 686. As plaintiff further acknowledges, many other Circuit Courts of Appeal have considered this question, and have determined that the PLRA's cap on attorney's fees is constitutional. *See* Doc. No. 44 at p.7, n.4. This Court declines to reach a different result.

2. Of this amount, $3,125.00 is to be paid from the judgment awarded to the plaintiff Glenndol Parker. Defendant Conway shall pay the remaining $23,125.[2]

BY THE COURT:

/s/ Lynne A. Sitarski
LYNNE A. SITARSKI
UNITED STATES MAGISTRATE JUDGE

---

[2] As both parties acknowledge, the PLRA mandates that some portion of the attorney's fee award is to be paid by the prevailing plaintiff out of the judgment. *See* 42 U.S.C. §1997e(d)(2); *see also Collins, supra*. Both parties also acknowledge that the amount to be paid by the prevailing plaintiff is left to the discretion of this Court, up to a cap of 25% of the entire judgment.

The jury awarded $12,500 in compensatory damages and $5,000 in punitive damages to plaintiff Parker. This Court determines that it is appropriate to calculate plaintiff's fair contribution based upon the compensatory award only. *See, e.g., Livingston v. Lee*, 2007 WL 4440933 (N.D.N.Y., Dec. 17, 2007) ("It would be somewhat incongruous for a court to effectively reduce the punitive effect of punitive damages by reducing the amount the wrongdoer otherwise has to pay by offsetting a portion of the punitive damages award against the attorney's fees to be paid by the defendant. On the other hand, the clear purpose of §1997e(d)(2). . . making the allocation from the amount awarded to the prisoner mandatory, is to compel the prisoner to bear some of the burden of the cost of litigation.") Therefore, plaintiff Parker shall contribute 25% of the $12,500 compensatory damage award, or $3,125.