## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DE SHAWN DRUMGO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 14-1135 CFC |
| | ) | |
| SGT. WILLIAM KUSCHEL, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S MOTION TO
## STAY PROCEEDINGS TO ENFORCE A JUDGMENT

Defendant William Kuschel ("Defendant"), by and through undersigned counsel, respectfully moves this Honorable Court, pursuant to Federal Rule of Civil Procedure 62(b), to enter an Order staying any proceedings to enforce judgment with a waiver of any bond requirement. In support of this Motion, Defendant submits:

1. Plaintiff, an inmate formerly housed at the James T. Vaughn Correctional Center ("JTVCC"), brought a claim under 42 U.S.C. § 1983 against Defendant, a former JTVCC correctional officer, for violation of his Eighth Amendment right against cruel and unusual punishment.  D.I. 191 at 5.  Plaintiff claimed that on May 29, 2014, during a routine frisk search, Defendant grabbed and held onto Plaintiff's genitals, resulting in physical injuries and long-term mental distress.

1

2. Following a two-day trial on December 13 and 14, 2021, the jury returned a verdict: (1) finding that Plaintiff proved that Defendant had violated Plaintiff's Eighth Amendment right; (2) finding that Plaintiff did not prove that he suffered injuries; (3) awarding nominal damages of $1; and (4) awarding punitive damages of $500,000.  D.I. 211. The Court entered a judgment on December 16, 2021. D.I. 213. Defendant filed post-trial motions on January 13, 2022. Defendant now seeks, pursuant to Federal Rule of Civil Procedure ("FRCP") 62(b), to stay proceedings pending the resolution of Defendant's post-trial motions and any appeals.

3. Under FRCP 62(b), "At any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security."[1] However, a court may forego the bond requirements "when there are other means to secure the judgment creditor's interests." *In re Diet Drugs*, 582 F.3d 524, 552 (3d Cir. 2009) (citation omitted); *see also, Munoz v. City of Philadelphia*, 537 F.Supp.2d 749, 751 (E.D. Pa. 2008) (finding that FRCP 62(d)

---

[1] The language of FRCP 62 was significantly amended in 2018, where the current section 62(b) "carries forward in modified form the supersedeas bond provisions of former Rule 62(d)." Advisory notes, 2018 Amendments, FRCP 62. Defendant submits that while caselaw cited in support of this motion may interpret the former version of FCRP 62, the principles remain good law and applicable to this case.

"does not preclude a district court from staying the execution of a judgment pending appeal without the filing of a supersedeas bond.")

4. The Court has discretion to waive the bond requirement "in exceptional circumstances and where there exists an alternative means of securing the judgment creditor's interest." *In re ASHINC Corp.*, No. AP 13-50530-CSS, 2021 WL 3288078, at *2 (D. Del. Aug. 2, 2021) (citation omitted). To determine whether exceptional circumstances exist, district courts within this Circuit consider the following factors:

> (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position.

*Hilburn v. New Jersey Dep't of Corr.*, 2012 WL 3133890, at *30 (D.N.J. July 31, 2012).

5. A bond is not required when a state agrees to indemnify the party seeking the stay under FRCP 62(b). *Id.* In *Hilburn*, plaintiff filed a lawsuit against his employer, the New Jersey Department of Corrections, as well as two of his supervisors, Alfaro Ortiz and William Plantier. *Id.* at *1. At trial, the jury awarded the plaintiff $659,714 in compensatory damages and $55,000 in punitive damages

against Ortiz. *Id.* at *2. Ortiz filed post-trial motions, and sought a stay under FRCP 62 and a waiver of any bond requirement. *Id.* at *29.

6. The court, in considering the five aforementioned factors, granted the stay because the State of New Jersey agreed to indemnify Ortiz. *Id.* at 30. The court found the State's indemnification of Ortiz "as an adequate alternative security for Plaintiff as appellee." *Id.* Further, there was "no evidence suggesting that collection of the judgment from the State would be complex or costly or undermining the Court's general confidence that the State will have the necessary funds to perform under the indemnification agreement." *Id.*

7. Defendant's Motion should be granted because, as in *Hilburn*, the State of Delaware indemnifies Defendant. *See* 10 *Del. C.* § 4002. Therefore, that indemnification is an adequate alternative security, and the Court should waive any bond requirement. Indeed, this indemnification alone satisfies the factors to be considered. Specifically, factor no. 3 is satisfied as the Court should have a high confidence that funds are available because the funds are from the State of Delaware. Factor no. 4 is also satisfied because, as the State of Delaware indemnifies Defendant, the State's ability to pay is so clear that posting a bond would be a waste of money. Further, factor no. 1 is satisfied as there is no evidence of any complex collection process, and factor no. 2 is satisfied as there is no evidence that collection from the State of Delaware would take an abnormal amount of time. Finally, factor

4

no. 5 is inapplicable here because Defendant's personal financial condition has no bearing on the State of Delaware's obligation and ability to pay a judgment.  *See Munoz*, 537 F.Supp.2d at 752. Ultimately, because the State of Delaware indemnifies Defendant, Defendant's Motion should be granted with a waiver of any bond requirement. *See Munoz*, 537 F.Supp.2d at 751-752 (waiving bond requirement for a stay under FRCP 62(d) when a government entity was responsible for payment and noting that a bond "would be a waste of taxpayers' money"); *McKenna v. City of Philadelphia*, 2010 WL 2891591, at *20 (E.D. Pa. July 20, 2010), *aff'd*, 649 F.3d 171 (3d Cir. 2011) (same).

## CONCLUSION

For the foregoing reasons, the Court should grant Defendant's Motion staying any proceedings to enforce judgment with a waiver of any bond requirement.

**STATE OF DELAWARE**
**DEPARTMENT OF JUSTICE**

*/s/ Zi-Xiang Shen*
Zi-Xiang Shen (#6072)
Kenneth L. Wan (#5667)
Deputy Attorneys General
Carvel State Office Building
820 North French Street, 6th Floor
Wilmington, Delaware 19801
(302) 577-8400
Zi-Xiang.Shen@delaware.gov
Kenneth.Wan@delaware.gov
*Attorneys for Defendant*

Dated: January 18, 2022

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DE SHAWN DRUMGO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     C.A. No. 14-1135 CFC |
| | ) |
| SGT. WILLIAM KUSCHEL, | ) |
| | ) |
| Defendant. | ) |

## <u>ORDER</u>

WHEREAS, Defendant has moved pursuant to Federal Rules of Civil Procedure 62(b) to stay proceedings to enforce judgment with a waiver of any bond requirement;

**IT IS ORDERED this _____ day of _____, 2022,** that Defendant's Motion is GRANTED.

_____
United States District Judge