# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DE SHAWN DRUMGO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 14-1135 CFC |
| | ) | |
| SGT. WILLIAM KUSCHEL, | ) | |
| | ) | |
| Defendant. | ) | |

## REPLY IN FURTHER SUPPORT OF DEFENDANT'S RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW AND MOTION TO ALTER OR AMEND JUDGMENT OR, IN THE ALTERNATIVE, <u>MOTION FOR A NEW TRIAL</u>

STATE OF DELAWARE
DEPARTMENT OF JUSTICE

Zi-Xiang Shen (#6072)
Kenneth L. Wan (#5667)
Deputy Attorneys General
Carvel State Office Building
820 North French Street, 6th Floor
Wilmington, Delaware 19801
(302) 577-8400
Zi-Xiang.Shen@delaware.gov
Kenneth.Wan@delaware.gov
*Attorneys for Defendant*

Date: February 25, 2022

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................. ii

INTRODUCTION .........................................................................................1

ARGUMENT .................................................................................................1

I.      A NEW TRIAL IS WARRANTED DUE TO THE ERRONEOUS
        ADMISSION OF TESTIMONY ...................................................1

II.     THE PUNITIVE DAMAGES AWARD SHOULD BE REDUCED OR
        VACATED ...................................................................................3

        A.      The Punitive Damages Award Violates Due Process ...........3

        B.      Remittitur of the Punitive Damages Award is Proper..........6

CONCLUSION..............................................................................................8

i

## <u>TABLE OF AUTHORITIES</u>

*Cash v. Cty. of Erie,* 2009 WL 3199558 (W.D.N.Y. Sept. 30, 2009) .......................5

*Cleveland v. Curry,* 2014 WL 690846 (N.D. Cal. Feb. 21, 2014) ...........................4

*Doe v. Green,* 2021 WL 2188534 (S.D.N.Y. Apr. 29, 2021)....................................5

*Fleck v. KDI Sylvan Pools, Inc.,* 981 F.2d 107 (3d Cir. 1992).................................3

*Johnson v. Elk Lake School Distr.,* 283 F.3d 138 (3d Cir. 2002).............................2

*Kazan v. Wolinski,* 721 F.2d 911 (3d Cir. 1983) ......................................................6

*Mathie v. Fries*, 121 F.3d 808 (2d Cir. 1997)...........................................................5

*McKinley v. Trattles*, 732 F.2d 1320 (7th Cir. 1984) ...............................................5

*Ortiz v. Lasker, Jr.*, 2010 WL 3476017 (W.D.N.Y Aug. 30, 2010).........................5

## <u>STATUTES AND OTHER AUTHORITIES</u>

U.S. Const. Amend. VII ............................................................................................6

U.S. Const. Amend. XIV...........................................................................................3

Fed. R. Civ. P. 50(b) ............................................................................................1, 6

Fed. R. Civ. P. 59 ................................................................................................1, 6

Fed. R. Evid. 415 .....................................................................................................1

**INTRODUCTION**

Defendant's opening memorandum of law (cited herein as "MOL") identified the following grounds for post-trial relief: (1) the erroneous admission of Marvin Burroughs' testimony; (2) the unconstitutionally excessive punitive damages award; and (3) the lack of trial evidence supporting the punitive damages award.  In his opposition (cited herein as "Opp."), Plaintiff raises a litany of arguments that post-trial relief is unwarranted.  None are borne out by the trial record or the applicable legal authorities.  Accordingly, under Federal Rules of Civil Procedure 50(b) and 59, the Court should grant Defendant's motion to alter or amend the judgment or order a new trial, or enter judgment as a matter of law.

**ARGUMENT**

**I.   A NEW TRIAL IS WARRANTED DUE TO THE ERRONEOUS ADMISSION OF TESTIMONY.**

Plaintiff's opposition confirms that the admission of Burroughs' testimony was a legal error that created manifest injustice to Defendant.  Notably, the contours and application of FRE 415 are fairly unsettled due to the limited precedent in this Circuit.  But the circumstances under which Burroughs was permitted to testify demonstrate that although FRE 415 tips toward admissibility, safeguards are still necessary.

Plaintiff does not dispute that Burroughs' testimony, that he was assaulted *three times* by Defendant, differed from Plaintiff's representation that he would

1

testify that he was assaulted *once*.  Instead, Plaintiff relies on dictionary definitions to contend that "a" can mean more than one.  Opp. at 8.  But this argument misses the point.  Plaintiff himself told the Court unequivocally that Defendant assaulted Burroughs once, and his questioning confirmed that he thought Burroughs would testify regarding one assault.  MOL at 5.  If Plaintiff understood Burroughs' testimony to be that he was assaulted multiple times by Defendant, he certainly would have informed the Court.  The Court had no information to make a proper determination that each alleged incident satisfied the requirements of FRE 415.  But at the same time, Defendant was prejudiced by testimony that he had previously assaulted an inmate not just once, but three times in a row.

Similarly, Plaintiff cites to dictionary definitions to argue that Burroughs' use of the word "grope" was equivalent to Plaintiff's claims that his genitals were violently grabbed and squeezed to the point of skin rupture.  Opp. at 8-9.  Again, there was no specific finding that Burroughs' testimony was "substantially similar" to Plaintiff's allegations.  *Johnson v. Elk Lake School Distr.*, 283 F.3d 138, 156 (3d Cir. 2002).  And again, despite the lack of a threshold finding, Burroughs was permitted to testify that Defendant was a serial predator, resulting in clear prejudice.

Defendant acknowledges that at the time of trial, he did not view a "proffer" from Burroughs as sufficient to address his concerns and that he did not re-assert a specific objection at the time of Burroughs' testimony.  However, at bottom, no

Case 1:14-cv-01135-CFC   Document 226   Filed 02/25/22   Page 6 of 11 PageID #: 2020

one—not Defendant, not Plaintiff, and not the Court—knew what Burroughs would testify about until he was on the witness stand in front of the jury. Furthermore, Defendant objected to allowing Burroughs to testify as a witness at the beginning of trial. Tr. 17-31. Even if Defendant were required to renew his objection during trial, the Court may still consider the issue because "manifest injustice would result" without such review and the admission of Burroughs' testimony was "a fundamental and highly prejudicial error resulting in a miscarriage of justice." *Fleck v. KDI Sylvan Pools, Inc.*, 981 F.2d 107, 116 (3d Cir. 1992).

## II. THE PUNITIVE DAMAGES AWARD SHOULD BE REDUCED OR VACATED.

### A. The Punitive Damages Award Violates Due Process.

As set forth in Defendant's opening memorandum of law, the punitive damages award in this case is so unreasonable that it violates the Due Process clause of the Fourteenth Amendment. The touchstone of the analysis of the punitive damages award, where only nominal damages were awarded, is the award's reasonableness. MOL at 8-9.[1] A survey of state and federal cases within this Circuit

---

[1] Defendant acknowledges that the Court may also consider the degree of reprehensibility. Considering the factual circumstances of the case and the legal authorities governing claims of repeated sexual assault by correctional officers, Defendant determined that an argument that the reprehensibility prong is not met would be inappropriate.

and outside the Circuit shows that the $500,000 in punitive damages awarded by the jury far exceeds the range of punitive awards in comparable cases.  MOL at 9-13.

In response, Plaintiff submits a handful of cases to argue that the punitive damages award is reasonable.  Opp. at 13-14.  However, each of these cases involve default judgments against the defendant and the courts determined the punitive damages awards relative to the default compensatory damages awards.  In contrast, in cases involving correctional officers found to have sexually assaulted inmates but where only nominal damages are awarded, the range of punitive damages is significantly lower.  *See* MOL at 12.  Even in *Cleveland v. Curry*, involving a correctional officer found liable for squeezing and grabbing inmates' genitals during searches, the jury awarded compensatory damages but only $5,000 in punitive damages for each inmate as to the officer.  2014 WL 690846, at *1 (N.D. Cal. Feb. 21, 2014).[2]

Plaintiff also takes issue with the concept that a court might substantially reduce the punitive damages awarded by the jury, arguing that such a reduction is

---

[2] Plaintiff notes that the jury awarded $20,000 in punitive damages against a different defendant (Opp. at 16), but the claims against that defendant, the prison warden, were for failure to intervene after learning of complaints from 150 inmates. *Cleveland*, 2014 WL 690846, at *3.  The trial court then found that award to be unconstitutionally excessive and reduced it to $5,000.  *Id.* at 11.  The jury awarded $5,000 in punitive damages to each plaintiff as to the officer found to have committed the sexual assaults.  *Id.* at *1.

inconsistent with "the concept of deference to the jury's verdict." Opp. at 15. But by its very nature, a judicial reduction of an award provides constitutional safeguards against an unreasonable jury decision. Plaintiff articulates no limiting principle for why the Court, if it finds the award to be unconstitutionally excessive, should not reduce the award to be in line with comparable verdicts.

Plaintiff further contends that the Court should disregard two cases cited by Defendant (*McKinley v. Trattles*, 732 F.2d 1320 (7th Cir. 1984) and *Mathie v. Fries*, 121 F.3d 808 (2d Cir. 1997)) because they predate the 2003 adoption of the Prison Rape Elimination Act ("PREA"). Opp. at 15. Plaintiff provides no basis for why cases preceding the passage of PREA are inherently unreliable. Indeed, in arguing that the punitive damages award should stand, Plaintiff cites several opinions that rely specifically on the Second Circuit's analysis in *Mathie*. *See* Opp. at 13-14; *Doe v. Green*, 2021 WL 2188534 (S.D.N.Y. Apr. 29, 2021); *Ortiz v. Lasker, Jr.*, 2010 WL 3476017 (W.D.N.Y. Aug. 30, 2010); *Cash v. Cty. of Erie*, 2009 WL 3199558 (W.D.N.Y. Sept. 30, 2009).

Plaintiff also urges the Court to leave the punitive damages award intact because of the "scant" number of factually similar cases. Opp. at 15. According to Plaintiff, "prisoner civil rights cases" are "usually brought *pro se* by inmates with little education," and thus "rarely" proceed to trial even if "reports even make it outside of the prison walls," a "rare" occurrence due to "poor internal investigations

and hush-hush mentality."   Opp. at 15.   The Court should give no weight to Plaintiff's citation-free, inflammatory claims.  The proper analysis is to consider the reasonableness of the punitive damages award in light of comparable cases.  Under that analysis, the jury's award in this case is unconstitutionally excessive.

**B.     Remittitur of the Punitive Damages Award is Proper.**

Plaintiff suggests that the Court should ignore Defendant's argument in support of a remittitur of the punitive damages award as a "rehash" of the argument that the award is unconstitutionally excessive.  *See* Opp. at 17.  Plaintiff's argument lacks merit.  As set forth in Defendant's opening memorandum of law, the principles and analysis underlying each argument are distinct: if the Court finds that the punitive damages award is unconstitutionally excessive, it may enter judgment as a matter of law under Federal Rule of Civil Procedure 50(b).  *See* MOL at 7-8.  But if the Court determines that the trial evidence does not support the punitive damages award under Federal Rule of Civil Procedure 59, it must offer Plaintiff the opportunity to elect a new trial as an alternative to accepting a reduced damages award, to avoid violating Plaintiff's Seventh Amendment right to a jury trial.  *Id.*

Here, the punitive damages award is so out of sync with the trial evidence adduced as to "shock the conscience of the court."  *Kazan v. Wolinski*, 721 F.2d 911, 914 (3d Cir. 1983).  Plaintiff's arguments about the *availability* of punitive damages as a legal matter (Opp. at 18-19) say nothing about what the trial evidence showed—

and did not show.  Plaintiff was unable to prove any physical or mental injuries, despite claiming that Defendant grabbed and squeezed his genitals so brutally that the skin ruptured.  MOL at 13-14.  And Plaintiff does not dispute that he failed to show any animus on Defendant's part against Plaintiff or any other inmates.  Opp. at 19.

Plaintiff also overstates the trial evidence in claiming that it "reveal[ed] broader institutional issues."  Opp. at 19.  For example, Plaintiff claims that "other correctional officers not only condoned Defendant's behavior but found it funny," citing only to testimony from inmate witnesses that they heard officers laughing at the time of the incident.  Opp. at 19.  But the witnesses did not know what any laughter was about.  *E.g.*, Tr. 213:12-17.  And the correctional officers present testified that they did not condone sexual assault and would never have laughed at an inmate being assaulted.  Tr. 276:17-277:6; 354:1-20.  The jury rendered no factual finding on this point.  In making this argument, Plaintiff tacitly admits that the jury's punitive damages award is not directed against a now-retired correctional officer, further undermining the legal justification for the award.

Finally, Plaintiff fails to address altogether judicial concerns that the amount of punitive damages not exceed what is necessary for punishment and deterrence under the circumstances and the "overkill" effect of an exorbitant damages award.  *See* MOL at 14-15.  If the punitive damages award is allowed to stand, there are

serious overdeterrence consequences from correctional officers avoiding thorough searches for contraband, lowered officer morale, and difficulties recruiting and retaining correctional officers.  MOL at 15.

## **<u>CONCLUSION</u>**

For the foregoing reasons and the reasons set forth in Defendant's opening memorandum of law, Defendant respectfully requests that the Court alter or amend the judgment or order a new trial, or reduce the jury's disproportionate award of punitive damages.

**STATE OF DELAWARE**
**DEPARTMENT OF JUSTICE**

*/s/ Zi-Xiang Shen*
Zi-Xiang Shen (#6072)
Kenneth L. Wan (#5667)
Deputy Attorneys General
Carvel State Office Building
820 North French Street, 6th Floor
Wilmington, Delaware 19801
(302) 577-8400
Zi-Xiang.Shen@delaware.gov
Kenneth.Wan@delaware.gov
*Attorneys for Defendant*

Dated: February 25, 2022